In re FIRST REPUBLICBANK CORPORATION, and IFRB Corporation, Debtors.

FIRST REPUBLICBANK CORPORATION, and IFRB Corporation, Plaintiffs,

v.

NCNB TEXAS NATIONAL BANK, Defendant.

Bankruptcy Nos. 388–34546–SAF–11, 388–34547–SAF–11. Adv. No. 389–3250.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Dec. 20, 1989.

Ron Orr, Gibson, Dunn & Crutcher, Dallas, Tex., for debtors.

Martin J. Bienenstock, Weil Gotshal & Manges, New York City, for IFRB Corp.

Hugh M. Ray, Andrews & Kurth, Dallas, Tex., for FRBC Senior Committee.

Erin Y. Baker, Baker & Botts, Dallas, Tex., for NCNB Texas National Bank.

Jeffrey Hurt, Leonard Marsh Hurt Terry & Blinn, Dallas, Tex., for FDIC.

Robert J. Rosenberg, Lathan & Watkins, New York City, for RBC Junior Committee.

Susan E. Abitanta, Gibson, Dunn & Crutcher, Dallas, Tex., for debtors.

David C.L. Frauman, Milbank, Tweed, Hadley & McCloy, Los Angeles, Cal., for NCNB National Bank and NCNB Corp.

## ORDER DISMISSING COMPLAINT

STEVEN A. FELSENTHAL,
Bankruptcy Judge.

First RepublicBank Corporation and IFRB Corporation (debtors) filed an adversary complaint on April 20, 1989, seeking turnover of property, injunctive relief and costs, fees and punitive damages for violation of the automatic stay of 11 U.S.C. § 362. The debtors moved on April 20, 1989 for a temporary restraining order, injunctive relief and turnover of property. The court heard and granted the debtors' motion for a temporary restraining order, injunctive relief and turnover of property on April 25, 1989.

The debtors filed an amended complaint on July 25, 1989. NCNB Texas National Bank (NCNB) filed a motion to dismiss and for summary judgment on August 31, 1989. The debtors responded to NCNB's motion to dismiss and for summary judgment on September 20, 1989. NCNB replied to the debtors' response on October 3, 1989. The court conducted a hearing on NCNB's motion on October 3, 1989. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

NCNB asserts that the debtors' counts seeking injunctive relief and turnover of property should be dismissed as moot because the debtors, in their amended complaint, acknowledge that the court has granted relief on those counts. NCNB asserts that summary judgment should be granted on count three of the amended complaint under which the debtors seek costs, fees and punitive damages pursuant to 11 U.S.C. § 362(h). NCNB argues that the debtors have suffered no actual damages and so are not entitled to costs and fees, and punitive damages are not appropriate.

The debtors admit that count one which seeks injunctive relief is moot. The debtors assert that although relief has been granted on count two seeking turnover of property from NCNB to the debtors, the issue is not moot because the relief granted by the court continues to affect the relationship between the parties. Since an order has been entered on count two, nothing remains for the court to adjudicate. The debtors also assert that NCNB willfully violated the automatic stay and is liable under § 362(h) for actual damages, costs, fees and punitive damages.

This court must decide whether § 362(h) applies to the debtor corporations. Section 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." If the statutory scheme of the Bankruptcy Code is coherent and consistent, "there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). As in *Ron Pair*, "The task of resolving the dispute over the meaning of [§ 362(h)] begins where all such inquiries must begin: with the language of the statute itself ... In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, 'the sole function of the court is to enforce it according to its terms.'" 109 S.Ct. at 1030. The debtors are corporations and thus are not individuals within the meaning of § 362(h).

The Code distinguishes between the term "corporation" and the term "individual." For example, § 101(35) defines "person" as including "individual" and "corporation." Section 101(30)(A) lists persons considered insiders of the debtor when the debtor is an

individual and § 101(30)(B) lists persons considered insiders when the debtor is a corporation. Section 109(e) restricts the availability of Chapter 13 to "an individual with regular income" or "an individual ... and such individual's spouse," thus excluding corporations. Congress used the restrictive term "individual" in § 362(h) rather than the inclusive term "person" and so the debtors cannot be awarded costs, fees and punitive damages under § 362(h). *See e.g.* 2 Collier on Bankruptcy para. 362.12 (15th Ed.1989).

This court respectfully disagrees with those courts which have applied § 362(h) to corporations. *See e.g. In Re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bankr.Conn.1985) (Section 362(h) should not be read literally to apply only to individuals). In *Budget Service Co. v. Better Homes of Virginia,* 804 F.2d 289 (4th Cir.1986), the Fourth Circuit applied § 362(h) to a corporation. The Court reasoned that § 362(h) must be read in conjunction with the rest of § 362 rather than according to its literal sense, that Congress did not define the word "individual," that the purpose of § 362(h) would be largely defeated if its remedies did not apply to corporate as well as individual debtors, and that, therefore, the word "individual" should be construed to include corporate debtors. In the absence of controlling U.S. Supreme Court, Fifth Circuit or Northern District of Texas precedent, this court will normally follow decisions by other circuit courts. However, after the *Better Homes* decision, the Supreme Court in *Ron Pair* has instructed lower courts on the method of construing the Bankruptcy Code: "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of the drafters.' ... In such cases, the intention of the drafters, rather than the strict language, controls." *Ron Pair,* 109 S.Ct. at 1031. The Congressional intention is not frustrated by reading § 362(h) as it is written. This court has the power, under 11 U.S.C. § 105 and Bankruptcy Rule 9020, to impose sanctions for contempt. *In Re Hulon,* 92 B.R. 670, 675

(Bankr.N.D.Tex.1988). Those provisions provide remedies for corporate debtors. Therefore, this does not constitute that rare case where the literal language of the statute is demonstrably at odds with Congressional intent. The Supreme Court instructs that the statute's plain meaning must be applied.

In an earlier proceeding in the First RepublicBank Corporation (FRBC) case, this court assessed costs and fees for willful violation of the automatic stay against Beth Fielding Siever, John Donohoe and Rachel Donohoe in an order entered August 9, 1989. The debtor, FRBC, moved for civil contempt and sanctions under Rule 9020 and § 362(h) and made a record of compliance with Rule 9020 at the hearing on the motion on July 25, 1989. This court proceeded on the motion for civil contempt under Rule 9020 in granting costs and fees, despite the court's misstatement at the hearing on July 25, 1989, that the court granted the motion for damages under § 362(h). In the present case, a motion for civil contempt under Rule 9020 is not before the court.

IT IS THEREFORE ORDERED that the motion to dismiss count one of the debtors' amended complaint is GRANTED as count one is moot.

IT IS FURTHER ORDERED that the motion to dismiss count two of debtors' amended complaint is GRANTED as relief on count two has previously been granted.

IT IS FURTHER ORDERED that the motion for summary judgment on count three of debtors' amended complaint is GRANTED.