**In re ABACUS BROADCASTING CORP., Debtor.**

**Bankruptcy No. 92–31540–LMC.**

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

Jan. 29, 1993.

Aric Cramer, Salt Lake City, UT, for debtor.

## ORDER DISMISSING WITHOUT PREJUDICE MOTION AGAINST CREDITOR FOR VIOLATION OF THE AUTOMATIC STAY

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the motion of ABACUS BROADCASTING CORPO- RATION (the "Debtor") for an award of damages under 11 U.S.C. § 362(h) against CURTAIN CALL, INC. (the "Creditor") for violation of the automatic stay. Upon consideration thereof, it is the ruling of the court that damages awards under 11 U.S.C. § 362(h) are not available to corporate debtors, and the Motion should therefore be dismissed without prejudice to refiling.

## BACKGROUND

The Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 4, 1992 (the "Petition Date"). Upon filing its petition, employees of the Debtor informed the president of the Creditor, Mr. Robert Sherman ("Sherman"), of its bankruptcy filing.

Upon learning that the Debtor had filed for bankruptcy, Sherman embarked upon a campaign of constant harassment of the Debtor. Sherman placed numerous threatening phone calls to the Debtor. Sherman also sent more than thirty telefaxes to the Debtor's place of business.[1] The content of the telefaxes was so heinous and disgusting that this court cannot recall a more egregious violation of the automatic stay. The telefaxes contained less than polite requests for body parts of the principals of the Debtor, death threats to the principals and their children, religious slurs, sexual insults, and pictures of sex organs. The telephone calls and the telefaxes were dominated by threats, expletives and vulgarity. Sherman, a business person, was employing the tactics of a common thug and schoolyard bully to collect his debt.

This is precisely the type of activity that the automatic stay was designed to prevent. The egregious nature of Sherman's actions make it all the more frustrating for the court to rule that the Debtor cannot obtain relief under 11 U.S.C. § 362(h).

## DISCUSSION

Upon the filing of a petition in bankruptcy, all creditors are automatically stayed

---

1. The telefaxes, submitted by the Debtor as exhibits to the Motion, bear the telephone number of the telefaxes' point of origination, 1–310–858– 0266, as well as the dates on which they were sent. The faxes were sent on or after the Petition Date.

from attempting to collect on their debts from a debtor. This automatic stay is broad and all encompassing. *See* 11 U.S.C. § 362(a). It affords debtors a "breathing spell" from creditors' collection efforts, and prevents creditors from dismembering a debtor's estate.

■ One of the enforcement mechanisms for the automatic stay is codified at section 362(h). That section provides: "An individual injured by any willful violation of a stay provided by this section shall receive actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

However, section 362(h) applies by its terms only to "individuals." That term is not expressly defined in the Bankruptcy Code, and, as a result, a significant split has developed among the circuit courts over whether the term "individual" as used in section 362(h) restricts the section's application to human debtors. *Compare Budget Service Company v. Better Homes of Virginia, Inc.* 804 F.2d 289, 292 (4th Cir.1986) (applies to corporations) *and Cuffee v. Atlantic Business and Community Development Corp. (In re Atlantic Business and Community Development Corp.),* 901 F.2d 325, 329 (3rd Cir.1990) (applies to corporations) *with Maritime Asbestosis Legal Clinic v. LTV Steel Company, Inc. (In re Chateaugay Corp.),* 920 F.2d 183, 186 (2d Cir.1990) (applies only to natural persons). The Fifth Circuit has not ruled on this issue to date, but a split also exists among the lower courts of this circuit. *Compare Nash Phillips/Copus, Inc. v. El Paso Floor, Inc. (In re Nash Phillips/Copus, Inc.),* 78 B.R. 798, 803 (Bankr. W.D.Tex.1987) (applies to corporations) *with First RepublicBank Corp. v. NCNB Texas National Bank (In re First RepublicBank Corp.)* 113 B.R. 277, 279 (Bankr. N.D.Tex.1989) (restricted to natural persons). This court weighs into the fray on the side of those courts which have held that section 362(h) applies only to natural persons.

Essentially, those courts which have applied section 362(h) to corporate debtors have done so in light of the breadth of the automatic stay. "[I]t seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the Code as opposed to debtors which are corporations or other like entities. Such a narrow construction of the term would defeat much of the purpose of the [automatic stay], and we construe the word "individual" to include a corporate debtor." *Budget Service Company,* 804 F.2d at 292. Similarly, commentators have suggested the section should be read to protect both corporate and natural debtors. *See especially* 2 L. KING, ET AL., COLLIER ON BANKRUPTCY, ¶ 362.12, at 362–86 (15th ed. 1984).

However, while no one would deny that corporate debtors are certainly entitled to the safeguards of the automatic stay, the use of section 362(h) as their enforcement remedy runs afoul of principles of statutory construction to which the bankruptcy courts are bound to adhere by virtue of clear Supreme Court precedent. The Court, in *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–42, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989), instructed federal courts to interpret statutes in light of their plain meaning. The plain language of the Bankruptcy Code should be conclusive except in the "rare cases [in which] the literal application of a statute will produce a result *demonstrably at odds with the intention of the drafters.*" *Ron Pair,* 489 U.S. at 242, 109 S.Ct. at 1031 (emphasis added).

The Bankruptcy Code does not define "individual," but it does define "person." "Person" under the Bankruptcy Code, includes "individuals, partnerships and corporations." 11 U.S.C. § 101(41). If the term "individual" included "corporations," there would be no need to note them separately in the definition of "persons." Moreover, the term "individual" is used in a number of other parts of the Bankruptcy Code where it is clear that corporations are excluded by the use of the term. For example, Chapter 13 is available only to an "individual with regular income ... or an individual with regular income and such indi-

vidual's spouse...." 11 U.S.C. § 109(e). Certainly, corporations do not have spouses. A "relative" is defined as an "individual related by affinity or consanguinity." 11 U.S.C. 101(45). Again, corporations clearly cannot be relatives. In one section, Congress went to the trouble of defining "insider" *twice*, once for when the debtor is an "individual" (11 U.S.C. § 101(30)(A)), and once for when the debtor is a "corporation" (11 U.S.C. § 101(30)(B)). The plain language of the Bankruptcy Code, therefore, indicates beyond all doubt that the term "individual" is separate and distinct from and not coterminous with the term "corporation." "[W]here, as here, the statute's language is plain, 'the sole function of the court is to enforce it according to its terms.'" *Ron Pair*, 489 U.S. at 241, 109 S.Ct. at 1030.

A brief look at the legislative history to section 362(h) confirms that it is not at all inconsistent with the otherwise broad breadth of the automatic stay to read and apply section 362(h) only to natural persons in accordance with its express language. Subsection (h) was added to section 362 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, 352, *reprinted in*, U.S.CODE CONG. & ADMIN.NEWS 333, 352 (1984) (BAFJA). "Therefore, the legislative history and construction which support broad coverage for the automatic stay imposed by § 362(a) do not necessarily apply to subsection (h)...." *Chateaugay*, 920 F.2d at 186. Section 362(h) was included in BAFJA under a section entitled "Consumer Credit Amendments." *See* BAFJA, tit. III, subtit. A, § 304. That section "contains numerous additions to the code relating only to 'individuals.'" *Chateaugay*, 920 F.2d at 186. "The inclusion of § 362(h) within this subtitle makes it entirely plausible that the use of the word "individual" was intentional, and that Congress was en-

acting a series of measures meant to benefit only natural persons." *Id.* Congress may have viewed natural persons as particularly vulnerable to violations of the automatic stay. Corporations, by contrast, staffed by experienced business persons, are more likely to already know their rights under the bankruptcy law. *See Chateaugay*, 920 F.2d at 186. An explicit Bankruptcy Code provision punishing stay violations against natural persons assists lay debtors in assessing their rights, and gives them a precise, easily applied, private cause of action to vindicate those rights, consistent with the consumer protection goals of the statute. Similar protections were evidently not deemed necessary for presumably more sophisticated corporations capable of fending for themselves.

▇▇ Limiting section 362(h) damages only to natural persons does not leave aggrieved corporate debtors without relief. Surely, Congress did not intend to enact a toothless statute. A corporate debtor, harassed by a creditor despite the shield of the automatic stay, has a remedy under the civil contempt powers bestowed upon bankruptcy courts by section 105.[2] *See* 11 U.S.C. § 105; *see also* FED.R.BANKR.P. 9020; *First RepublicBank*, 113 B.R. at 279; *In re Hulon*, 92 B.R. 670, 675 (Bankr. N.D.Tex.1988). As an independent remedy is available to corporate debtors, a literal reading of the statute is not demonstrably at odds with the intentions of its drafters. *First RepublicBank*, 113 B.R. at 279; *Ron Pair*, 489 U.S. at 240, 109 S.Ct. at 1030.[3]

## CONCLUSION

For the foregoing reasons, the court concludes that 11 U.S.C. § 362(h) does not apply to corporate debtors. The Debtor, therefore, has no standing to invoke that section. The Debtor's Motion is dismissed without prejudice to filing an appropriate

---

**2.** While section 105 may not be read to *create* new substantive rights, it is no stretch to read it as a source of authority to *vindicate* those rights already created, such as the right to be protected by the automatic stay. Indeed, if section 105 did not serve *that* purpose, it is difficult to imagine why else it was even enacted.

**3.** We are thus relieved from having to ignore the plain language of the statute in order to fill in a legislative gap. It would be better, however, if Congress simply cleared up the confusion by expressly extending the provisions of section 362(h) to apply to *all* debtors, not just individuals.

action for civil contempt pursuant to section 105.[4]

So ORDERED.

4. The court, by independent motion, has determined that the venue for this action should be transferred to the District of Utah, where such action should be initiated.