**PARADISE TOWING, INC., Appellant**

v.

**The CIT GROUP/SALES FINANCING, INC., Appellee.**

**Civil No. SA–04–CA–701–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

Sept. 9, 2005.

Troy E. Cleveland, San Antonio, TX, Steven G. Cennamo, San Antonio, TX, for Appellant.

Kimberly Ann Hartmann, Dallas, TX, for Appellee.

## OPINION AND ORDER

ORLANDO L. GARCIA, District Judge.

This is a bankruptcy appeal from a final summary judgment entered on May 19, 2004; an order granting a motion to strike affidavits entered on June 18, 2004; and, an order denying a motion to vacate summary judgment entered on June 21, 2004. (Dkt. # 1, Notice of Appeal). Having reviewed the record and the applicable law, the Court finds that the bankruptcy judge did not err, and the underlying judgment should be in all things AFFIRMED.

### I.

*Facts and procedural history*

On or about September 11, 2003, Debtors Thomas Eugene and Karen Lynn Norris filed a petition for relief under Chapter 7 of the bankruptcy code. At the time of the bankruptcy filing, CIT held a secured interest in a 1998 Discovery Motor Home that the debtors had purchased in September 1997. Also at the time of the bankruptcy filing, Paradise Towing had possession of the motor home after towing it from a resort property in August 2003. On or about September 27, 2003, CIT received a Notice of Claim of Lien and Proposed Sale of Motor Vehicle, which was sent by Paradise Towing. The notice stated that Paradise Towing had possession of the motor home that was owned by Karen Norris and secured by a lien held by CIT. The notice further stated that the motor home would be sold at public auction on September 29, 2003 in the event it was not redeemed prior to the auction. CIT states that it contacted Paradise Towing representatives to notify them that the motor home was protected by the automatic stay and could not be sold at auction. Paradise Towing denies receiving such notice. On September 29, 2003, Paradise Towing purchased the motor home for itself at public auction.

On or about December 17, 2003, CIT commenced an adversary proceeding against Paradise Towing, asserting that it was entitled to recover damages under 11 U.S.C. § 362(h) for willful violation of the automatic stay. On January 15, 2004, Paradise Towing filed an answer. On January 21, 2004, the bankruptcy court issued a scheduling order. On February 3rd, February 10th, March 8th and May 10th, CIT made all initial disclosures and designated its expert witnesses. Paradise Towing failed to meet any deadlines for initial disclosures or designation of experts. On April 20, 2004, CIT filed a Motion for Summary Judgment. The response was due on May 13th, but nothing was filed. On May 20, 2004, Bankruptcy Judge Lief M. Clark granted summary judgment in CIT's favor.

On or about June 1, 2004, Paradise Towing filed a Motion to Vacate Summary Judgment and/or for New Trial. CIT filed a response to the motion, as well as a Motion to Strike Affidavits that were filed in support of the motion to vacate. On June 18, 2004, the bankruptcy court granted the motion to strike. On June 21, 2004, the bankruptcy court denied the motion to vacate. On June 29, 2004, Paradise Towing filed its Notice of Appeal.

### II.

*Standing under 11 U.S.C. § 362(h)*

In its first point of error, Appellant contends the bankruptcy court erred in granting summary judgment because CIT did not have statutory standing to bring an action under 11 U.S.C § 362(h), which states:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Appellant claims that the word "individual" does not apply to corporate creditors, and CIT is therefore not entitled to relief under the statute. Appellee contends that it does have standing, based on prudential standing requirements, legislative history, applicable case law and pure logical reasoning.

The test for prudential or statutory standing includes five factors:

(1) the nature of the plaintiff's alleged injury—whether the injury is of a type that Congress sought to redress in providing a private remedy for violation of the law;

(2) the directness or indirectness of the asserted injury;

(3) the proximity or remoteness of the party to the alleged injurious conduct;

(4) the speculativeness of the damages claim; and

(5) the risk of duplicative damages or complexity in apportioning damages.

*Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 562–53 (5th Cir.2001). CIT clearly meets standing factors two and three, because it was directly injured, as a secured creditor, by the sale of the motor home. Factors four and five are also met in this case, because the damages are calculable and non-speculative, and there is no risk of duplicative damages being assessed. The first factor, as to whether CIT's injury is the type that Congress sought to redress in providing the remedy in section 362(h), may be determined, in part, by reviewing the legislative history and interpreting case law.

The legislative history on section 362 states:

SEC. 362. AUTOMATIC STAY

THE AUTOMATIC STAY IS ONE OF THE FUNDAMENTAL DEBTOR PROTECTIONS PROVIDED BY THE BANKRUPTCY LAWS. IT GIVES THE DEBTOR A BREATHING SPELL FROM HIS CREDITORS. IT STOPS ALL COLLECTION EFFORTS, ALL HARASSMENT, AND ALL FORECLOSURE ACTIONS. IT PERMITS THE DEBTOR TO ATTEMPT A REPAYMENT OR REORGANIZATION PLAN, OR SIMPLY TO BE RELIEVED OF THE FINANCIAL PRESSURES THAT DROVE HIM INTO BANKRUPTCY.

*THE AUTOMATIC STAY ALSO PROVIDES CREDITOR PROTECTION. WITHOUT IT, CERTAIN CREDITORS WOULD BE ABLE TO PURSUE THEIR OWN REMEDIES AGAINST THE DEBTOR'S PROPERTY. THOSE WHO ACTED FIRST WOULD OBTAIN PAYMENT OF THE CLAIMS IN PREFERENCE TO AND TO THE DETRIMENT OF OTHER CREDITORS. BANKRUPTCY IS DESIGNED TO PROVIDE AN ORDERLY LIQUIDATION PROCEDURE UNDER WHICH ALL CREDITORS ARE TREATED EQUALLY. A RACE OF DILIGENCE BY CREDITORS FOR THE DEBTOR'S ASSETS PREVENTS THAT.*

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), S.Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), reprinted in 1978 U.S.Code Cong. & Admin. News 6296–6297 (emphasis added). Likewise, the Fifth Circuit has stated that "[t]he purpose of the automatic stay is to protect creditors in a manner consistent with the bankruptcy goal of equal treatment [and prevent] a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir.1986). Nevertheless, the Fifth Circuit has not yet decided whether section 362(h) does, in fact, provide a remedy for creditors and, more specifically, corporate creditors.

While the Fifth Circuit has not been required to decide the precise issue in this case, it has taken the opportunity to briefly discuss the issue and cited, with approval, a district court opinion holding that section 362(h) does provide a corporate creditor with a right of action. *City of Farmers Branch v. Pointer*, 952 F.2d 82, 86 (5th Cir.1992) (citing *Homer Nat'l Bank v. Namie*, 96 B.R. 652 (W.D.La.1989)).[1] In the *Homer* case, Homer National Bank (the secured creditor) sued Eddie and Alice Namie (unsecured creditors) after the Namies continued their seizure of the debtor's mobile home and sold it at a sheriff's sale after receiving notice of the bankruptcy filing. *Homer*, 96 B.R. at 655. In determining whether Homer National Bank was entitled to relief under section 362(h), the district court thoroughly analyzed the standing issue and concluded that the bank, as a corporate creditor, could recover its damages. *Id.* In doing so, the court noted that "it seems illogical to conclude that Congress intended to limit § 362(h) to debtors when one of the principal purposes behind the automatic stay is to protect creditors from unequal treatment." *Homer*, 96 B.R. at 655.

■ This Court agrees with the conclusions in the *Homer* case. It does not seem logical that Congress would intend to protect creditors under the automatic stay provisions, yet deny them relief under section 362(h). Moreover, assuming Congress did intend for creditors to have a right of action under section 362(h), it would not seem logical to afford such right only to creditors that are natural persons, and not corporations. *See Budget Service Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 292 (4th Cir.1986) (determined that the word "individual," while not defined in the bankruptcy code, includes corporations); *see also In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (3rd Cir.1990)("Although Section 362(h) refers to an individual, the section has uniformly been held to be applicable to a corporate debtor").[2] Appellant does note a prior bankruptcy case in this district wherein a corporate *debtor* was denied standing, based on a literal interpretation of the word "individual." *See In re Abacus Broadcasting Corp.*, 150 B.R. 925 (Bankr.W.D. Tex.-El Paso, 1993). However, Bankruptcy Judge Lief M. Clark decided that case, and he has obviously reached the opposite conclusion in this case with regard to a corporate *creditor*. The Court believes Bankruptcy Judge Clark's conclusion in this case is more consistent with Congress' intent that all creditors be protected under section 362, and that all creditors be "treated equally," whether they are natural persons or corporations. The Court finds that corporate creditors are clearly intended to benefit from the protection provided under section 362, and the remedy provided under subsection (h) thereof. Point of error number one is OVERRULED.

## III.

### Striking of affidavits

In its second point of error, Appellant contends the bankruptcy court erred in

---

**1.** The Fifth Circuit in *Pointer* noted that "[t]he instant case does not require us to decide whether the private right of action in § 362(h) extends to creditors as well [as debtors]," but the Court came very close to answering the question anyway. The Court quoted strong language from both the *Homer* case and from the legislative history of section 362, and stated that "[c]reditors are clearly intended to benefit from § 362." *Pointer*, 952 F.2d at 86 n. 4.

**2.** *Better Homes* and *Atlantic Business* both involved corporate *debtors* seeking relief under section 362, rather than a corporate *creditor*. However, the courts' analysis of the term "individual" and its application to a corporation is relevant and persuasive.

striking the affidavits attached to its Motion to Vacate Summary Judgment and/or for New Trial. As noted above, Paradise Towing failed to meet any deadlines for initial disclosures or designation of experts. It also failed to file a response to the motion for summary judgment. After summary judgment was entered, Paradise Towing finally started taking action and filed a motion to vacate, attaching affidavits in support thereof. CIT filed a motion to strike affidavits, based on Paradise Towing's failure to disclose information as required by Rule 26(a) and (e)(1) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7026. The relief sought in Appellee's motion to strike affidavits, which was granted by the bankruptcy judge, was based on rule 37(c)(1) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7037.

Rule 37(c)(1) states that "[a] party that *without substantial justification* fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, *unless such failure is harmless,* permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." (Emphasis added). A decision on whether to exclude evidence under rule 37(c)(1) is reviewed for abuse of discretion. *Primrose Operating Company v. Nat'l American Ins. Co.,* 382 F.3d 546, 563 (5th Cir. 2004). The lower court's discretion in such matters is "broad" and "considerable," and it is unusual for the reviewing court to find an abuse of discretion in such matters. *Sierra Club. Lone Star Chapter v. Cedar Point Oil Co. Inc.,* 73 F.3d 546, 569 (5th Cir.1996). In this case, it appears that the bankruptcy judge did sign the order striking the affidavits before Paradise Towing filed its response to the motion to strike. However, after reviewing the entire record, the Court does not find the bankruptcy judge's decision to be an abuse of discretion.

The record reflects a complete absence of "substantial justification." In fact, there was *no justification* for Paradise Towing's failure to meet its deadlines under rule 26.[3] In turning to whether the failure to disclose was harmless to the other party, the Court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A & M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003). Under the first and second factors, the evidence offered by Paradise Towing was important, and prejudicial to CIT, because the affidavits purportedly explained not only the failure to file a response to the summary judgment motion, but the sale of the motor home during the stay, which goes to the heart of the case. The third factor is inapplicable in this case, and there was no valid explanation under the fourth factor.[4] The bankruptcy court did not err is striking the affidavits attached to Paradise Towing's motion to vacate. Appellant's second point of error is OVERRULED.

---

3. In Paradise Towing's response to the motion to strike, it simply states that the failure to disclose the information was "the fault of counsel."

4. Even if the bankruptcy court had waited for the response, which was filed after the order was signed, there was nothing in the response that would have changed the outcome. Paradise Towing's conclusory statement that "it was counsel's fault" is not sufficient.

## IV.

### Denial of motion to vacate

In its third point of error, Appellant contends the bankruptcy court erred in denying its Motion to Vacate Summary Judgment and/or for New Trial because its failure to file a response to the summary judgment motion constituted "excusable neglect." Again, the bankruptcy judge's decision is reviewed for abuse of discretion, and the bankruptcy court's decision need only be reasonable. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 353 (5th Cir.1993). "Under this standard, it is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion" *In re Pettle,* 410 F.3d 189, 191 (5th Cir.2005).

Assuming the bankruptcy court did not abuse its discretion when striking the affidavits attached to the motion to vacate, there was absolutely no evidence of "excusable neglect" and denying the motion was appropriate. Even if the affidavits had not been stricken, however, the bankruptcy court would not have abused its discretion in concluding that the evidence offered in support of the motion to vacate was insufficient for a showing of "excusable neglect."

In the affidavit of Troy Cleveland, who was Paradise Towing's attorney, he stated that he noted on his calendar that a response to the motion for summary judgment was due on May 10th. He then states that "during the first two weeks of May 2004," he was medically diagnosed with skin cancer and had three medical appointments with his doctors. He further states that his two offices file approximately 6–8 responses to various motions each week, and "primarily through focusing on [his] medical issues to the exclusion of normal office issues," he mistakenly thought he had filed the response to mo-tion for summary judgment in the instant case.

■ Because the motion was filed on or about April 20th, Appellant's lawyer had about ten days to prepare a response before his diagnosis. It is unfortunate that Appellant's lawyer had health problems during the next ten days; however, the fact that he thought the response *had* been filed is a clear indication that his two offices continued to function during that time. If he did not have sufficient time to prepare a response during that time, he should have requested an extension. *See Turner v. Avery,* 198 B.R. 192, 196–197 (E.D.La.1996), *aff'd,* 109 F.3d 765 (5th Cir. 1997) (while counsel's health may have been poor, he managed to prosecute this case, as well as other cases, during the time period in question; therefore, failure to respond to motion was not excusable); *see also Optimal Health Care Services, Inc. v. Travelers Ins. Co.,* 801 F.Supp. 1558, 1560 (E.D.Tex.1992) (attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation). Appellant's third point of error is OVERRULED.

It is therefore ORDERED that the judgment of the bankruptcy court entered on May 19, 2004 is AFFIRMED.