OPINION
 

 E. GRADY JOLLY, Circuit Judge:
 

 The plaintiff, Linda Pope, appeals the district court’s judgment which dismissed her Title VII claim on grounds of
 
 res judi-cata
 
 after a bankruptcy court heard the matter and allowed no damages.
 

 She initially filed this action against Man-ville in the Western District of Louisiana, but the district court action was automatically stayed after Manville filed Chapter 11 proceedings, 11 U.S.C. § 362, in the Bankruptcy Court of the Southern District of New York. The bankruptcy court entered a stay order that was filed in the Western District of Louisiana.
 

 Pope filed her claim in the bankruptcy court, but “moved to change the venue” back to the Western District of Louisiana; she also contested the jurisdiction of the bankruptcy court. The bankruptcy court denied the motion to change venue, held that it had jurisdiction, and then proceeded to a hearing. Pope did not appear or otherwise offer any evidence, despite the fact that the court had given notice that it would proceed to a hearing if it denied the motions. The bankruptcy court allowed Pope’s claim in the amount of $0. Then the district court in Louisiana, on notice of the bankruptcy court’s action, dismissed the suit with prejudice, sua sponte, on' the grounds of res
 
 judicata.
 
 Pope now ap
 
 *239
 
 peals the dismissal of the action by the district court.
 

 Pope ignores the question of
 
 res judicata
 
 and raises two grounds for appeal. The first is that Title VII actions should not be dischargeable in bankruptcy; the second is that the bankruptcy court should have granted a change of venue.
 
 [1]
 
 Manville asserts that the bankruptcy court’s determination is
 
 res judicata
 
 and that the present appeal is an improper collateral attack on that judgment.
 

 We note initially that the Manville bankruptcy proceeding is still pending with no final disposition having been reached. In the light of this fact, we examine whether the district court’s ruling was a proper exercise of its authority.
 

 A stay granted against an action in district court continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay. 11 U.S.C. § 362(a), (c)(2), (d), (e), (f). None of these events has taken place.
 

 We recognize that the stay, by its statutory words, operates against “the commencement or continuation” of judicial proceedings. No specific reference is made to “dismissal” of judicial proceedings. Nevertheless, it seems to us that ordinarily the stay must be construed to apply to dismissal as well. First, if either of the parties takes any step to obtain dismissal, such as motion to dismiss or motion for summary judgment, there is clearly a continuation of the judicial proceeding. Second, in the more technical sense, just the entry of an order of dismissal, even if entered sua sponte, constitutes a judicial act toward the disposition of the case and hence may be construed as a “continuation” of a judicial proceeding. Third, dismissal of a case places the party dismissed in the position of being stayed “to continue the judicial proceeding,” thus effectively blocking his right to appeal. Thus, absent the bankruptcy court’s lift of the stay, or perhaps a stipulation of dismissal, a case such as the one before us must, as a general rule, simply languish on the court’s docket until final disposition of the bankruptcy proceeding. In making these observations, we expressly do not decide any case except the one before us; we do not wish unnecessarily, or with technicality, to impede the district court in maintaining a current docket. We simply hold that the entry of the particular order of dismissal in the appeal before us was prohibited by the section 362 stay.
 

 We therefore reverse the judgment of dismissal for the reasons stated herein, and remand the case to the district court for appropriate action not inconsistent with this opinion.
 
 [2]
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Because of our conclusion that the district court must be reversed on other grounds, we address these contentions only in passing. Both these issues should have been raised in an appeal from the bankruptcy court. Moreover, the first contention has no basis in law. The second contention would have been more properly handled by requesting the Southern District of New York to lift the stay to allow the case to proceed to a final result in the Western District of Louisiana. The result could then have been recognized in the bankruptcy court.
 

 [2]
 

 . The appellee has filed a motion to dismiss the appeal on grounds of
 
 res judicata.
 
 That motion is hereby denied.