### In re WESTWOOD LUMBER, INC., Debtor.

### No. C89–1069D.

United States District Court,
W.D. Washington,
at Seattle.

March 8, 1990.

As amended May 1, 1990.

---

Chris Robert Youtz, Sirianni & Youtz, Seattle, Wash., for debtor/appellant.

C. Keith Allred, Davis Wright Tremaine, Seattle, Wash., for appellee.

## AMENDED ORDER

DIMMICK, District Judge.

This is an appeal from a decision of the Bankruptcy Court June 2, 1989 brought by the Trustee for debtor Westwood Lumber, Inc. ("Westwood"). At issue here is a relatively straightforward legal question: "Does the automatic stay provision of 11 U.S.C. § 362(a) preclude a motion for voluntary dismissal of a defendant in bankruptcy unless leave is first obtained from the Bankruptcy Court?" Although this is not a settled area of law, this Court concludes that the better interpretation is that leave of the Bankruptcy Court is necessary before such a motion may be filed. In a related motion, appellee Seattle First National Bank ("the bank") has moved to strike reference to, or to file a supplemental brief regarding, interpretation of Washington Civil Rule 41. The Court grants the

motion to strike all arguments as to the effect of Rule 41 since this issue is not properly before this Court.

This appeal had its genesis in an action brought by the bank in King County Superior Court in January of 1985 for default on a note against Westwood and Steven and Pamela E. Yonich (husband and wife). The Yonichs are sole shareholders of Westwood and guarantors of the note. In July of 1985, Westwood applied for Chapter 11 bankruptcy. The action proceeded to trial against the Yonichs while action against Westwood was stayed. As guarantors, the Yonichs relied on defenses available to Westwood. Judge Faith Enyeart found for defendants in Findings and Conclusions issued December 20, 1988, concluding that the lumber company had not received reasonable notice from the bank, and that the "bank's termination of financing caused the demise of [Westwood] Lumber...."

In the meantime, neither the Yonichs nor Westwood had filed cross-claims against the bank.[1] It is readily apparent, that Westwood may have a cause of action for damages, with liability determined under principles of collateral estoppel. However, some or all of the claims may be precluded by statutes of limitation, thus the fight over the bank's voluntary nonsuit. It is also significant to the outcome whether the bank's motion is stricken or whether it is merely held in abeyance. If the latter, the bank insists that once the stay is lifted the motion takes effect as of the date filed.

On December 13, 1988, the bank moved ex parte pursuant to Washington Rule of Civil Procedure 41 for a voluntary dismissal of its claim against Westwood without prejudice. The bank did not seek leave of the Bankruptcy Court before filing its motion. Commissioner Richey granted the motion. Subsequently, defendants Yonich and Westwood moved to vacate the order and to strike the bank's motion. Judge Darrah granted defendants' motion, vacating the order as "having been obtained

---

**1.** The bank points to a motion to stay by all defendants in the King County action and reference therein to pursuit of approval of the bankruptcy court to file counterclaims. That motion was filed October 2, 1986 and is cited by the bank as evidence of Westwood's failure to pursue counterclaims despite elapse of an extended period of time.

without notice to the defendants and in violation of 11 U.S.C. § 362" and striking the motion for voluntary nonsuit. This order is on appeal to the Washington State Court of Appeals.

Pending that appeal, the bank filed a motion with the Bankruptcy Court for a declaratory ruling as to whether or not it first should have sought relief from the stay, pursuant to 11 U.S.C. § 362(d). The Bankruptcy Court held that the bank's motion did not violate the stay imposed pursuant to section 362. This decision is now on appeal to this Court.

The only issue is one of statutory interpretation. Since this is an issue of law, this Court reviews de novo. *See, e.g., In re Commercial Western Finance Corp.,* 761 F.2d 1329 (9th Cir.1985). Section 362 of 11 U.S.C. provides that a petition filed under this title

operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

.    .    .    .    .

(3) any act to obtain possession of property of the estate or of property from the estate;

There is not a great deal of law interpreting this section although it seems clear that under it Westwood would have had to seek leave of the Bankruptcy Court to file its cross-claim.

The bank argues that the purpose of this stay is to give the bank a "breathing spell" citing Ninth Circuit opinion. *In re Watson,* 78 B.R. 232, 234 (9th Cir. BAP 1987). This does not appear, however, to be an exclusive statement of purpose. Westwood cites a Ninth Circuit opinion to the effect that the purpose of the stay is to maintain the "status quo." *In re Roach,* 660 F.2d 1316, 1319 (9th Cir.1981). Additionally a stay protects property of the estate. *In re Minoco,* 799 F.2d 517 (9th Cir.1986).

The bank also argues that the words of the statute itself do not speak of abandonment or discontinuance of an action. Thus it applies only to the "commencement or continuation" of an action. To this effect the bank relies on a recent Eighth Circuit Court of Appeals opinion in which this issue was addressed, but in the context of a district court's powers to control its own dockets. *Dennis v. A.H. Robins, Inc.,* 860 F.2d 871 (8th Cir.1988) (reversed on grounds that district court should have dismissed without prejudice).

The Fifth Circuit, however, reached a different conclusion in a situation in which the plaintiff's Title VII case against a defendant in bankruptcy was dismissed by the district court as res judicata even though a bankruptcy stay was in force. The circuit court reversed, observing:

A stay granted against an action in district court continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay. 11 U.S.C. § 362(a), (c)(2), (d), (e), (f). None of these events has taken place.

*Pope v. Manville Forest Prod. Corp.,* 778 F.2d 238, 239 (5th Cir.1985). Although the Fifth Circuit took pains to apply its holding only to the facts before it, it stated in unequivocal terms that a step toward dismissal by either party is a "continuation of the judicial proceedings." *Id.* at 239.

In another argument, the bank acknowledges that a grant of time to allow the trustee in bankruptcy to assess claims and counterclaims makes sense, but that 11 U.S.C. § 108 takes care of this problem. That section provides an automatic extension of statutes of limitation to no less than two years from filing for bankruptcy. This Court is nonetheless of the opinion that section 108 is not dispositive of the issue here.

This Court is not persuaded by the bank's arguments and concludes that the policy behind the stay rule is to maintain

the status quo and to protect property of the estate in bankruptcy. Although the language in section 362 may be ambiguous, the Fifth Circuit's interpretation in *Pope v. Manville Forest Prod. Corp.* incorporates this policy. Any legal action is stayed unless the Bankruptcy Court grants relief from the stay. The Bankruptcy Court is in the best position to evaluate the effect of any legal proceeding and to determine whether a motion to dismiss may be filed. The bank should have first requested relief from the stay before filing its motion for voluntary nonsuit.

THEREFORE, this Court reverses the Order of the Bankruptcy Court, and concludes that the Order of Judge Darrah in King County Cause No. 85–2–08361–0 striking Seattle First National Bank's motion for voluntary nonsuit properly interpreted the stay provision of 11 U.S.C. § 362. In the related motion of Seattle First to strike or supplement, the Court grants the motion to strike as described above.

The Clerk of the Court is directed to send copies of this Order to all counsel of record.