### In re JIM NOLKER CHEVROLET–BUICK–OLDSMOBILE, INC., Debtor.

### JIM NOLKER CHEVROLET–BUICK–OLDSMOBILE, INC., Plaintiff,

v.

### Roger RICHIE, et al., Defendants.

**Bankruptcy No. 88–03316–2–11. Adv. No. 90–4108–2–11.**

United States Bankruptcy Court, W.D. Missouri.

Nov. 14, 1990.

Gary D. Barnes, Linde, Thomson, Langworthy, Kohn & Van Dyke, P.C., Kansas City, Mo., for plaintiff.

James E. Phelan, Lindy & Phelan, Kansas City, Kan., for defendant Jay Wolfe.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor, a Missouri corporation, filed a voluntary petition under Chapter 11 on July 28, 1988. Notices were duly sent to all creditors, including the defendant Jay

Wolfe Chevrolet, Inc. Debtor was a small town Chevrolet–Buick–Oldsmobile dealer. Defendant was and is a large Chevrolet dealer, operating in the metropolitan Kansas City area. Debtor frequently bought parts from defendant. Defendant had never bought parts from debtor. Debtor owed defendant $763.89 on the date the petition was filed.

On October 14, 1988, defendant's parts manager drove the some 45 miles to debtor's place of business, ordered and picked up five parts at a total cost of $775.31. The parts manager was seen by debtor's president at that time. Not only was it the first time that defendant had ever bought parts from debtor, it was the first time that the parts manager had ever been at debtor's place of business. Debtor billed defendant for the $775.31. It was never paid.

After debtor's liquidating plan had been approved, counsel for debtor undertook to collect debtor's outstanding accounts receivable. On April 4, 1989, counsel wrote a demand letter to defendant. On April 10, 1989, defendant's parts manager, alleging an offset, wrote a response, claimed an offset, and enclosed a check for $11.42. On July 6, 1990, debtor's counsel again made demand. No response was received. Debtor's counsel filed suit, defendant consulted counsel, debtor then tendered $775.31 which debtor's counsel declined to accept. Debtor seeks actual damages, costs, attorney fees, and punitive damages of $100,000.00.

Debtor alleged and proved (or so the Court believes) a deliberate and willful violation of the automatic stay.[1] All of the facts set out above came from debtor's witness and the introduction of documents from debtor's file and its counsel's file. Defendant offered no evidence and only proffered, once again, a check for $775.31. Counsel for defendant did suggest that since the debtor was a corporation, debtor could not recover under 11 U.S.C. § 362(h). Defendant's argument is a simple trilogy: (1) debtor is not an "individual"; (2) only an "individual" can recover; (3) q.e.d. debtor

[1]. 11 U.S.C. § 362.

cannot recover. The Court apprehends that there are two reasons why defendant's argument fails.

■ It is a cardinal principle of Anglo-American jurisprudence that for every wrong there is a remedy.[2] In the present case, a creditor has wrongfully availed itself to a self-help remedy contrary to the automatic stay imposed by the Bankruptcy Code.[3] Consequently, the debtor is entitled to some sort of relief from the damages engendered by such action.

■ Section 362(h) provides the remedy available to an individual debtor damaged by a violation of the automatic stay. Curiously, the Bankruptcy Code does not define the term "individual", one of the rare instances when Congress failed to define a legal "term of art". While a layman's definition of the word "individual" would seem to preclude corporate debtors from a remedy under § 362(h), two Courts of Appeals have concluded that the sanctions of § 362(h) extend to protect a corporate debtor as well as a flesh-and-blood individual debtor. *Budget Service Company v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 292 (4th Cir.1986); *In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3rd Cir.1990).[4] Without guidance from the Eighth Circuit, it seems only proper for this author to consider carefully the lead of the only two circuits which have addressed the issue.

■ It should be noted also that the Bankruptcy Court is empowered under its equitable powers to reach a similar result for violation of the automatic stay. 11 U.S.C. § 105.[5] An attempt to exercise control over property of the debtor in violation of the stay is analogous to violation of a temporary restraining order, a wrongful act for which the Court may properly issue a civil contempt citation. *Cf. Utah State Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444 (10th Cir.1990); *Burd v. Walters (In re Walters)*, 868 F.2d 665 (4th Cir.1989).

At issue in the present action is whether a corporate defendant, which willfully violated the automatic stay by availing itself to a legally unavailable self-help remedy, may be punished for such conduct under 11 U.S.C. § 362(h). The defendant claims that it cannot be punished for its conduct. As noted below, the Court appends that there are two reasons why defendant's argument fails.

## CONCLUSIONS OF LAW

Therefore, relying both on 11 U.S.C. § 362(h) and the equitable powers of this Court under § 105, the Court finds the issue for the debtor and against the defendant. The debtor is hereby awarded actual damages of $775.31, attorney fees of $600.00 and punitive damages of $2,500.00.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.

---

2. See, Paul, The Heart of Blackstone (1915) at 237.

3. This conduct violates 11 U.S.C. § 362(a)(3), (a)(6), and specifically (a)(7) which stays such setoffs.

4. See also *In re Tel–A–Communications Consultants*, 50 B.R. 250 (Bankr.D.Conn.1985); *In re Inslaw, Inc.*, 83 B.R. 89 (Bankr.Dist.Col.1988).

5. Indeed, the Supreme Court has noted on numerous occasions that the power to punish for contempt is inherent in all courts. See for example *Michaelson v. United States*, 266 U.S. 42, 65–66, 45 S.Ct. 18, 19–20, 69 L.Ed. 162 (1924) (Sutherland, J.); and *Ex Parte Robinson*, 86 U.S. (19 Wall.) 505, 510, 22 L.Ed. 205 (1873).