**In re GEORGIA SCALE COMPANY, Debtor.**

**GEORGIA SCALE COMPANY, Plaintiff,**

**v.**

**TOLEDO SCALE CORPORATION, Defendant.**

**Bankruptcy No. 88–11533.**
**Adv. No. 89–1094.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Dec. 5, 1991.

DeWitt R. Dent, Augusta, Ga., for plaintiff.

Mary Grace Diehl, Nicolas P. Robinson, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant.

ORDER

· JOHN S. DALIS, Bankruptcy Judge.

Defendant, Toledo Scale Corporation, seeks a pretrial ruling on the issue of whether the remedies of 11 U.S.C. § 362(h) for willful violations of the automatic stay of § 362(a) are available to plaintiff, a corporate debtor. Plaintiff, Georgia Scale Company, the Chapter 11 debtor-in-possession, brought this adversary proceeding alleging defendant violated the automatic stay of § 362(a) by retaining property of the bankruptcy estate and interfering with one of plaintiff's contractual relationships. Plaintiff asserts, in its amended complaint, that it may obtain appropriate relief for defendant's alleged violation of the automatic stay pursuant to 11 U.S.C. §§ 362(h) and 105(a). Defendant contends in its pretrial memorandum of law that § 362(h) is limited by its terms to "individuals," which defendant argues includes only natural persons. Because plaintiff is a corporate debtor, defendant contends, § 362(h) does not provide plaintiff a remedy even if defendant violated the stay. Defendant further argues that if § 362(h) does not include corporate debtors, plaintiff has no cause of action.

The Bankruptcy Code provides that "[a]n *individual* injured by any willful violation of a stay provided by this section [362] shall recover actual damages, including

**1.** 11 U.S.C.A. § 547(c)(4) (West 1979 & Supp.   1991).

costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (emphasis added). Unfortunately, the Bankruptcy Code does not define the term "individual." This lack of clarity has resulted in a split among the circuit courts that have addressed the issue of whether "individual," as used in § 362(h), was intended to include corporate debtors and like entities.[1] Compare *Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289 (4th Cir.1986) and *In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3rd Cir.1990) with *In re Chateaugay Corp.*, 920 F.2d 183 (2nd Cir.1990).

The United States Supreme Court established rules of statutory construction this court must implement in determining the applicability of § 362(h) to corporate debtors. *See generally United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In interpreting the language of 11 U.S.C. § 506(b), the Supreme Court held that:

> [A]s long as the statutory scheme is coherent and consistent, there is generally no need for a court to inquire beyond the plain language of the statute.
>
> . . . .
>
> The plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." In such cases, the intention of the drafters, rather than the strict language, controls.

*Ron Pair, supra*, 489 U.S. at 240–42, 109 S.Ct. at 1030–31 [quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)]. "[I]t should be generally assumed that Congress expresses its purposes through the ordinary meaning of the words it uses...." *Escondido Mut. Water Co. v. La Jolla Indians*, 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984). This court must adhere to the plain language of § 362(h) and apply it according to the ordinary meaning of "individual,"

which is a natural person. Because there is little legislative history on § 362(h), it is difficult to determine, based on the legislative history of § 362(h) alone, whether a literal interpretation of § 362(h) will cause "a result demonstrably at odds with the intention of its drafters." *Ron Pair, supra*, 489 U.S. at 242, 109 S.Ct. at 1031. However, in construing legislative intent where statutory language is ambiguous, the court may look to how the same words are used in other sections of the statute to clarify legislative intent. *Id.* In determining legislative intent, individual statutory provisions should be construed, wherever possible to achieve consistency. *See id.; Accord Bance v. Alaska Carpenters Retirement Plan*, 829 F.2d 820, 827 (9th Cir. 1987); *Atwell v. Merit Systems Protection Bd.*, 670 F.2d 272, 286 (D.C.Cir.1981); *In re First Connecticut Small Business Inv. Co.*, 118 B.R. 179, 182 (Bankr.D.Conn.1990). Congress' use of the word "individual" in other sections of the Bankruptcy Code, particularly § 101, and the intended definition of the word logically derived from the context of its use in those sections demonstrates that applying a literal definition of the word "individual" in § 362(h) is consistent, not demonstrably at odds with, congressional intent.

The Bankruptcy Code defines "person" to include an "individual, partnership, and corporation." 11 U.S.C. § 101(41). Thus in defining "person," Congress used the word "individual" to distinguish natural persons from corporations and partnerships. Other sections of the Bankruptcy Code either make the same distinction or use the word "individual" in such a way that its only intended meaning could be a natural person. Section 101(9)(A)(i) defines corporation as an "association having a power or privilege that a private corporation, but not an individual or a partnership, possesses." Section 101(8) defines "consumer debt" as a "debt incurred by an individual primarily for a personal, family, or household purpose." Section 101(18) defines "family farmer" differently if the farmer is an "individual or individual and spouse,"

---

**1.** The Eleventh Circuit has not addressed the issue, nor has any district court in this district.

§ 101(18)(A), than if the farmer is a "corporation or partnership," § 101(18)(B). Section 101(31) gives a separate definition for "insider" if the debtor is an "individual," § 101(31)(A), rather than a "corporation," § 101(31)(B). Section 101(44) defines "railroad" as a "common carrier ... engaged in the transportation of individuals...." Section 101(45) defines "relative" as an "individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree." Compare §§ 321(a)(1), 507(a)(3)(A), 1129(a)(5)(A)(i), and 1171(a). In each of the cited Code sections, the use of the word "individual" implies an intent by Congress to distinguish natural persons from other entities. Nothing in § 362(h), or elsewhere in the Bankruptcy Code, indicates that Congress intended § 362(h) to be an exception to the otherwise consistent pattern of use of the word "individual."

Congress is presumed to mean what it says. *United States v. Jones*, 542 F.2d 661, 667 (6th Cir.1976). Moreover, "[c]ourts must not assume a legislative intent in plain contradiction to the words used by the legislature." *In re Ray*, 26 B.R. 534, 542 (Bankr.D.Kan.1983), *rev'd on other grounds*, 804 F.2d 577 (10th Cir. 1986). *Accord Ron Pair, supra*, 489 U.S. at 242, 109 S.Ct. at 1031. If Congress intended corporate debtors to benefit from § 362(h), Congress needed only to use the word "person," which Congress defined in § 101(41) to include individuals, partnerships and corporations. *Cf. Ron Pair, supra*, 489 U.S. at 242 n. 5, 109 S.Ct. at 1031 n. 5. The only possible explanation as to why Congress would use the word "individual" in § 362(h) if Congress intended § 362(h) to apply to other entities in addition to natural persons after having used it in numerous Code sections to distinguish natural persons from such other entities is that the use of the word "individual" in § 362(h) was by mistake or inadvertence. However, it is for Congress, not the courts, to correct legislative error. *Louisiana Pub. Service Comm'r v. F.C.C.*, 476 U.S. 355, 376, 106 S.Ct. 1890, 1902, 90 L.Ed.2d 369 (1986). "[T]he sole function of the courts is to enforce [the statute] according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). "Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." *Badaracco v. C.I.R.*, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984).

Nevertheless, two circuit courts have rejected a literal application of § 362(h). *Budget Service Co., Atlantic Business and Community Corp., supra*. In *Budget Service Co.*, the Fourth Circuit Court of Appeals, relying on *In re Tel-A-Communications Consultants, Inc.*, 50 B.R. 250 (Bankr.D.Conn.1985), held that § 362(h) remedies are not limited to natural persons.

[I]t seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the Code as opposed to debtors which are corporations or other like entities. Such a narrow construction of the term would defeat much of the purpose of the section, and we construe the word 'individual' to include a corporate debtor.

*Budget Service Co., supra*, at 292. Citing *Budget Service Co.*, the Third Circuit Court of Appeals held in *Atlantic Business and Community Corp.*, with little discussion, that § 362(h) applies to corporate debtors. Numerous lower courts have followed the lead of the Third and Fourth Circuits and applied § 362(h) to entities in addition to natural persons. *See, e.g., In re Nash Phillips/Copus, Inc.*, 78 B.R. 798 (Bankr.W.D.Tex.1987); *Homer Nat. Bank v. Namie*, 96 B.R. 652 (W.D.La.1989); *In re Mallard Pond Partners*, 113 B.R. 420 (Bankr.W.D.Tenn.1990); *In re Omni Graphics, Inc.*, 119 B.R. 641 (Bankr. E.D.Wis.1990); *In re NWFX, Inc.*, 81 B.R. 500 (Bankr.W.D.Ark.1987); *In re Jim Nolker Chevrolet–Buick–Oldsmobile, Inc.*, 121 B.R. 20 (Bankr.W.D.Mo.1990); *In re Randy Homes Corp.*, 84 B.R. 799 (Bankr. M.D.Fla.1988). These courts typically rely on the reasoning of the court in *Tel-A-Communications Consultants, Inc., supra*, that because the automatic stay was

intended to provide broad protection from creditors, § 362(h) is available to all debtors. *Id.* at 254.

I find the rationale of *Tel–A–Communications Consultants, Inc., Budget Service Co.,* and *Atlantic Business and Community Corp.* unpersuasive. The Second Circuit's decision in *In re Chateaugay, supra,* is better reasoned and consistent with the Supreme Court's guidelines on proper statutory construction as set forth in the *Ron Pair* decision.[2] In *Chateaugay,* the Second Circuit Court of Appeals followed the direction of *Ron Pair* and held that the plain meaning of "individual" in § 362(h) limits application of § 362(h) to natural persons. *Chateaugay, supra,* at 186–87. *Accord In re Prairie Trunk Ry.,* 125 B.R. 217 (Bankr. N.D.Ill.1991); *In re Williams,* 124 B.R. 311 (Bankr.C.D.Cal.1991); *In re Brilliant Glass,* 99 B.R. 16 (Bankr.C.D.Cal.1988); *In re First Republicbank Corp.,* 113 B.R. 277 (Bankr.N.D.Tex.1989); *In re MCEG Productions, Inc.,* 133 B.R. 232 (Bankr. C.D.Cal.1991). As explained in *Chateaugay,* although the legislative history of § 362(a) supports broad coverage of the automatic stay, H.R.Rep. No. 595, 95th Cong.2d Sess. (1977), S.Rep. No. 989, 95th Cong.2d Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, § 362(h) was added to the Bankruptcy Code in 1984, apart from the rest of § 362 which was enacted in 1978, and therefore, the legislative history of § 362(a) is not indicative of congressional intent in enacting § 362(h). *Chateaugay, supra,* at 186.

Furthermore, those courts refusing a literal application of § 362(h), as well as the defendant in its pretrial memorandum of law, fail to recognize that corporate debtors are not without a cause of action for a violation of the automatic stay if § 362(h) does not apply to corporate debtors. The

bankruptcy court has an inherent power of civil contempt. 11 U.S.C. § 105(a); Bankruptcy Rule 9020; *Matter of Miller,* 81 B.R. 669 (Bankr.M.D.Fla.1988); *Matter of Lemco Gypsum, Inc.,* 95 B.R. 860 (Bankr. S.D.Ga.1989), *rev'd on other grounds,* 910 F.2d 784 (11th Cir.1990); *In re Esposito,* 119 B.R. 305 (Bankr.M.D.Fla.1990); *In re Kiker,* 98 B.R. 103 (Bankr.N.D.Ga.1988). *Contra In re Sequoia Auto Brokers, Ltd., Inc.,* 827 F.2d 1281 (9th Cir.1987).[3] The bankruptcy court, pursuant to its power of civil contempt, may afford corporate debtors an appropriate remedy for a violation of the automatic stay. *In re Chateaugay, supra,* at 187. Thus, while the bankruptcy court may award damages according to the standard of § 362(h) to an individual injured by a willful violation of the automatic stay, "[f]or other debtors, contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay." *Id.* at 187.

Section 362(h) provides an additional remedy for a violation of the automatic stay available only to natural persons. Prior to the enactment of § 362(h), the bankruptcy courts exercised their power to hold a creditor who violated the automatic stay in contempt of court and awarded appropriate damages. *See, e.g., In re Miller,* 22 B.R. 479 (D.Md.1982). Section 362(h) was intended as an additional remedy for individual debtors, apart from the remedy of civil contempt. *In re Crysen/Montenay Energy Co.,* 902 F.2d 1098, 1104–05 (2nd Cir. 1990); *In re Colon,* 114 B.R. 890, 985 (Bankr.E.D.Pa.1990); *In re Wagner,* 74 B.R. 898, 902 (Bankr.E.D.Pa.1987) (citing the remarks of Rep. Rodino, 130 Cong.Rec. H1942, daily ed. March 26, 1984, that § 362(h) "is an additional right of individual debtors and not intended to foreclose recovery under already existing reme-

---

**2.** Of the three circuit courts that have addressed the issue of § 362(h)'s applicability to non-natural persons, only *Chateaugay* follows the *Ron Pair* decision. The *Budget Service Co.* decision came before *Ron Pair,* and *Atlantic Business and Community Corp.* relied on *Budget Service Co.* with no mention of *Ron Pair.*

**3.** Although the Eleventh Circuit has not yet expressly rejected the Ninth's Circuit holding in

*Sequoia,* the Eleventh Circuit stated in *Lemco Gypsum* that the bankruptcy court has "constitutionally available powers in assessing sanctions ... for contempt." *Lemco Gypsum, supra,* 910 F.2d at 789. *See also I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1548–49 n. 8 (11th Cir.1986) (recognizing the contempt power of the bankruptcy court in core proceedings).

dies"). Therefore, "[t]he passage of § 362(h) was not intended to preclude the use of civil contempt." *In re Colon, supra,* at 898. There is no reason to expand the apparent intended definition of the word "individual" in applying § 362(h) without clear direction from Congress authorizing a different definition of "individual" just for § 362(h). *Escondido Mut. Water Co., supra,* 466 U.S. at 772, 104 S.Ct. at 2110; *see also Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) ("Absent a clearly expressed legislative intention to the contrary [statutory]

language must ordinarily be regarded as conclusive."). Accordingly, it is ORDERED that § 362(h) is not an available remedy for the corporate debtor, Georgia Scale Company. Such debtor's remedies for violations of the automatic stay are provided for pursuant to the court's power of civil contempt.[4]

**4.** The standard to be applied in determining whether a violation of the automatic stay warrants imposition of sanctions pursuant to the court's power of civil contempt may differ from the standard used for determining willfulness under § 362(h). By order entered November 8, 1991, I bifurcated trial of this adversary proceeding. The first phase of trial, set for December 10, 1991, will determine whether defendant violated the automatic stay. The second phase of trial, if necessary, will determine whether defendant's violation of the stay rose to a level requiring sanctions for civil contempt. If at the first phase of trial a violation of stay is found to have occurred, the parties will be given the opportunity to brief the court on the proper civil contempt standard for awarding damages for a violation of stay committed against a corporate debtor.