**In the Matter of UNITED STATES ABATEMENT CORPORATION, a/k/a USA Corporation, Debtor.**

**Bankruptcy No. 92–11123–JAB.**

United States Bankruptcy Court, E.D. Louisiana.

Feb. 5, 1993.

Richard W. Martinez, Tranchina & Martinez, New Orleans, LA, for debtor/plaintiff.

S. Gene Fendler, Phillip K. Jones, James D. McMichael, Liskow & Lewis, New Orleans, LA, for Mobil Exploration and Producing, Inc.

## MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

This matter comes before the Court upon the motion for sanctions for willful viola-

tion of the automatic stay filed by United States Abatement Corporation ("USA" or "debtor"). USA requests sanctions against Mobil Exploration & Producing U.S., Inc. ("Mobil"), and its attorneys of record, James McMichael and the law firm of Liskow & Lewis, for willfully violating the provisions of 11 U.S.C. § 362. USA seeks sanctions under 11 U.S.C. § 362(h), and/or Bankruptcy Rule 9020, and pursuant to the Court's inherent power to impose sanctions under 11 U.S.C. § 105.

Oral argument on the motion was held on October 29, 1992. The matter has been fully briefed by both parties. Considering the evidence submitted, the arguments and briefs of counsel, the pleadings, and the applicable law, the motion for sanctions, attorneys' fees, and costs is GRANTED.[1]

## I. FACTS

On November 28, 1990, Mobil filed a complaint for interpleader, declaratory relief, indemnity, injunction and damages in the action entitled *Mobil Exploration & Producing U.S. Inc., etc., et al. v. United States Abatement Corp., et al.*, No. 90–4678, in the United States District Court for the Eastern District of Louisiana (the "District Court case"). That suit stemmed from Mobil's termination of two contracts between itself and the debtor for the sandblasting and painting of twelve offshore platforms. Mobil named as defendants over two dozen of USA's subcontractors and materialmen who had not been paid by USA and who had actual or potential lien claims against Mobil's platforms as a result.

On March 13, 1992, the debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Because of this filing, the District Court case was administratively closed for statistical purposes on March 16, 1992. (Pl. 254). On March 31, 1992, Stan–Blast Abrasives, a defendant in the District Court case, filed a motion to reinstate the cause of action in

the District Court. (Pl. 258). In response to a request for briefing by the District Court, USA filed a Memorandum in Support of Reinstatement of the Case. (Pl. 269, 270). USA's memorandum urged that the case could be reinstated, and should proceed *without USA*, and indicated that USA would not object to "unrelated third-party actions from continuing". (Pl. 270, p. 6). The memorandum specifically asserted that any actions against USA would violate Section 362(a)(1).

Meanwhile, on March 17, 1992, Mobil filed in this Court a motion for modification of the automatic stay and motion for expedited hearing, requesting that the automatic stay be lifted to allow Mobil to proceed against USA in the District Court case. This Court denied Mobil's motion by memorandum opinion entered on April 22, 1992.

On May 26, 1992, in the District Court case, Mobil filed a "motion to reinstate USA's counterclaim against Mobil and for summary judgment dismissing USA's counterclaim against Mobil", (Pl. 271) ("motion to reinstate"), and motion for expedited hearing. (Pl. 272). USA filed several pleadings in response to Mobil's motion to reinstate, including a motion to enforce the automatic stay. (*See* Pl. 275, 276).

The District Court denied Mobil's motion to reinstate, and granted USA's motion to enforce the automatic stay in written reasons entered on July 15, 1992.

## II. ANALYSIS

### A. VIOLATION OF THE AUTOMATIC STAY

The debtor argues that the filing of the motion to reinstate by Mobil was a violation of the automatic stay imposed by Section 362. USA contends the violation is particularly egregious because Mobil had actual knowledge of USA's Chapter 11 proceedings, and had previously been denied permission by this Court to lift the stay to

---

**1.** This Memorandum Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 9014 and Bankruptcy Rule 7052. The Court has jurisdic-

tion over this matter pursuant to 28 U.S.C. § 1334. The matter is a core proceeding under 28 U.S.C. § 157(b)(2).

proceed against USA in the Order of April 22, 1992.

When a bankruptcy petition is filed, a stay goes into effect automatically, preventing creditors from taking any action against a debtor. 11 U.S.C. § 362. Section 362 provides in pertinent part as follows:

(a) [A] petition filed under [the Bankruptcy Code] ..., operates as a stay, applicable to all entities of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

The scope of the stay is extremely broad and imposes a moratorium on all actions against the debtor or its property or assets. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir.1987). The stay prevents the "dissipation or diminution of the bankrupt's assets while rehabilitative efforts are undertaken and prohibits the proliferation of numerous claims in different forums against the debtor". *Id.* at 1146.

Mobil argues the automatic stay was not violated because the motion to reinstate was not a proceeding *against the debtor*, as required by Section 362(a)(1). Mobil contends the case of *First Wisconsin National Bank v. Grandlich Development Corp.*, 565 F.2d 879 (5th Cir.1978), is controlling. In *First Wisconsin*, the district court stayed foreclosure proceedings filed against the defendants/debtors following their filing for bankruptcy protection. Later, *sua sponte*, the court dismissed the entire action, including a counterclaim filed by the defendants/debtors, due to the failure of the remaining parties to follow pretrial requirements. The defendants initial-ly took no action, even though the dismissal effectively dismissed their counterclaim. Subsequently, the defendants moved for relief under Fed.R.Civ.P. 60(b) from the district court's order, arguing the district court did not have jurisdiction to dismiss the counterclaim because of the automatic stay provisions. The Fifth Circuit upheld the district court's right to dismiss the counterclaim because the counterclaim was not a proceeding *against* the debtors.

Mobil's reliance upon *First Wisconsin* is misplaced. *First Wisconsin* arose in the context of a Rule 60(b) motion filed by the debtors some time after they had failed to pursue their counterclaim. Indeed, the entire case had been dismissed due to the failure of the parties to follow pretrial requirements. Implicit in the Fifth Circuit's holding are the stringent standards imposed by Rule 60(b) against granting relief from judgments unless extraordinary circumstances such as mistake, inadvertence, etc., are shown. The case does not address the situation in which either the plaintiffs or the defendants/debtors attempted to pursue the counterclaim after the stay order was entered. Thus, contrary to Mobil's argument, *First Wisconsin* does not permit or authorize a creditor to pursue and reinstate a debtor's pending counterclaim after the bankruptcy petition has been filed. Finally, no amplification of *First Wisconsin* authorizes a creditor to actively pursue a cause of action against a debtor, as Mobil did by filing its own motion for summary judgment.

That Mobil violated Section 362(a)(1) is also shown by reference to the case of *Pope v. Manville Forest Products Corp.*, 778 F.2d 238 (5th Cir.1985). In *Pope*, a Title VII case pending in the district court was stayed when the defendant filed for bankruptcy. The plaintiff then filed a claim in the bankruptcy court which was allowed by the bankruptcy court in the amount of $0. Subsequently, the district court dismissed the Title VII case *sua sponte*, on the grounds of *res judicata*. The Fifth Circuit reversed, holding that a stay granted in an action pending in the district court continues until the bankrupt-

cy case is closed, dismissed, discharge is granted or denied, or until the bankruptcy court grants relief from the stay. The Fifth Circuit specifically limited its holding to the fact situation presented, stating:

> Thus, absent the bankruptcy court's lift of the stay, or perhaps a stipulation of dismissal, a case such as the one before us must, as a general rule, simply languish on the court's docket *until final disposition of the bankruptcy proceeding.* In making these observations, we expressly do not decide any case except the one before us; we do not wish unnecessarily, or with technicality, to impede the district court in maintaining a current docket.

778 F.2d at 239. [Emphasis added].

Mobil contends the case is not applicable because *Pope* involved a case *against the debtor,* while Mobil's motion for reinstatement involved a claim *made by the debtor.* (Mobil's Memorandum in Opposition to Motion for Sanctions, filed Oct. 23, 1992, p. 9). This line of distinction is too finely drawn by Mobil. The obvious concern of the *Pope* Court, and reason for the limitation of the decision to the facts presented, was to avoid interference with district court dockets resulting from bankrupt defendants causing cases to be stayed. The import of the decision was that no action could be taken in a case involving a bankrupt defendant until the stay was lifted or final disposition of the bankruptcy case occurred. Any distinction between claims made *against* debtors versus claims made *by* debtors was not at issue. The Court concludes that Mobil's actions were in violation of Section 362(a)(1).

■ Mobil also asserts it did not violate Section 362(a)(3), citing the case of *Martin–Trigona v. Champion Federal Savings and Loan Assoc.,* 892 F.2d 575 (7th Cir. 1989). In *Martin–Trigona,* a plaintiff filed for bankruptcy during the pendency of a case. The defendant moved to dismiss the case, and the case was ultimately dismissed. The plaintiff's subsequent appeal of the dismissal was denied. The Seventh Circuit stated:

For in any event the automatic stay is inapplicable to suits *by* the bankrupt ("debtor", as he is now called). This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or exercise control over "property of the estate," § 362(a)(3), and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away be creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. [citation omitted] ... There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing the suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.

892 F.2d at 577. [Emphasis in original].

It is true that Mobil's filing of a motion to reinstate USA's counterclaim may technically not have been a violation of the automatic stay. However, it is clear that the motion seeking reinstatement of Mobil's motion for summary judgment against USA was an effort to control the property of the debtor, and in violation of the automatic stay order in effect in this case under Section 362(a)(3). Moving for summary judgment was an aggressive, offensive action against USA's property, and was not justified by *Martin–Trigona* nor any other jurisprudence cited by Mobil.

The Court concludes that Mobil's actions in filing the motion to reinstate summary judgment, and expedited hearing thereon, was a violation of the automatic stay provisions of Section 362(a)(1), Section 362(a)(3), and the Order of April 22, 1992 denying Mobil's motion for modification of stay.

## B. SANCTIONS UNDER SECTION 362(h)

Section 362(h) provides as follows:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.

■ Proof of a "willful violation" is not as daunting an obstacle as would first appear. A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition. *In re Knaus*, 889 F.2d 773, 775 (8th Cir.1989); *In re Lile*, 103 B.R. 830 (Bankr.S.D.Tex.1989). When there is actual knowledge of the bankruptcy petition, it must be presumed that the violation was deliberate or intentional. *Homer National Bank v. Namie*, 96 B.R. 652, 654 (W.D.La. 1989); *In re Lile*, 103 B.R. at 836. The creditor takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court. *In re Lile*, 103 B.R. at 837.

■ It is undisputed that Mobil knew of USA's Chapter 11 proceeding. Indeed, Mobil requested the bankruptcy court modify the automatic stay in order to proceed against USA in the district court. This Court denied Mobil's motion by order of April 22, 1992. Therefore, Mobil's violation of the automatic stay provisions was willful as defined by Section 362(h).

■ Pressing for a literal interpretation of Section 362(h), Mobil asserts that because USA is a corporation and not an "individual", it is not entitled to damages. This issue has not been determined by the Fifth Circuit, and conflicting decisions have been rendered by other courts.

The Second Circuit has determined that Section 362(h) may be applied only to natural persons and not to corporations because the section expressly refers to "an individual". *In re Chateaugay Corp.*, 920 F.2d 183 (2nd Cir.1990). The Second Circuit followed the strict statutory construction of the Bankruptcy Code used in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), and emphasized adherence to "the plain language of the statute" and "the plain meaning of legislation". 920 F.2d at 184. Since the *Chateaugay* decision, many bankruptcy courts have followed its reasoning. *See, e.g., In re Georgia Scale Co.*, 134 B.R. 69 (Bankr.S.D.Ga.1991); *In re Prairie Trunk Railway*, 125 B.R. 217 (Bankr.N.D.Ill.1991). *See also In re First RepublicBank Corp.*, 113 B.R. 277 (Bankr. N.D.Tex.1989).

The Third and Fourth Circuits have interpreted Section 362(h) to include corporations. In *Budget Service Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289 (4th Cir.1986), the Fourth Circuit held:

> [Section] 362(h) must be read in conjunction with the rest of § 362 ... [so] that its sanctions are not limited to the relief of an "individual" in the literal sense. The Bankruptcy Code does not define the word individual. We agree that it seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the Code as opposed to debtors which are corporations or other like entities. Such a narrow construction of the term would defeat much of the purpose of the section, and we construe the word "individual" to include a corporate debtor.

804 F.2d at 292. This approach has also been followed by the Third Circuit in *In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3rd Cir.1990), as well as several lower courts, including at least one in the Fifth Circuit, i.e., *Homer National Bank v. Namie*, 96 B.R. 652 (W.D.La.1989).

The Fifth Circuit has not determined whether a corporation is an "individual" under Section 362(h).[2]

In the absence of a square holding from the Fifth Circuit to guide the way, this Court chooses to follow the well reasoned analysis of the Second Circuit in *In re*

---

2. In *Pettitt v. Baker*, 876 F.2d 456 (5th Cir.1989), the Fifth Circuit held that Section 362(h) creates a private right of action for an individual injured by a willful violation of a Section 362(a) stay. However, the Court did not reach the question of whether a corporation has a cause of action under Section 362(h).

*Chateaugay Corp., supra* p. 386. The provisions of the Bankruptcy Code and the legislative history of Section 362(h) warrant a strict construction of the term "individual". The Court finds that a corporation is *not* included within the term "individual" under Section 362(h).

## C. CIVIL CONTEMPT

In the alternative, USA argues that Mobil's actions constitute civil contempt of court.

The basis for the authority of the bankruptcy courts to enter civil contempt orders has been widely debated. Many cases find the bankruptcy court's civil contempt powers are inherent in their judicial responsibilities. *In re Chateaugay Corp.*, 920 F.2d 183 (2nd Cir.1990); *In re Miller*, 81 B.R. 669 (Bankr.M.D.Fla.1988); *In re L.H. & A. Realty, Inc.*, 62 B.R. 910 (Bankr.D.Vt. 1986). *See also In re Georgia Scale Co.*, 134 B.R. 69 (Bankr.S.D.Ga.1991). Others derive this authority from 11 U.S.C. § 105, 28 U.S.C. § 157, and Bankruptcy Rule 9020. *In re Skinner*, 917 F.2d 444, 447 (10th Cir.1990); *In re Walters*, 868 F.2d 665 (4th Cir.1989); *Kellogg v. Chester*, 71 B.R. 36 (N.D.Tex.1987); *In re First RepublicBank Corp., supra* p. 386. The Ninth Circuit has determined that although the bankruptcy courts do not have inherent power to issue civil contempt orders, they may certify the facts to the district court for a de novo review and determination of whether the order may issue. *In re Sequoia Auto Brokers, Ltd. Inc.*, 827 F.2d 1281 (9th Cir.1987). Regardless of the basis of authority, the civil contempt powers of the bankruptcy courts have been upheld by the substantial majority of the circuits and courts which have ruled on the issue. *In re Power Recovery Systems, Inc.*, 950 F.2d 798 (1st Cir.1991); *In re Prairie Trunk Railway*, 125 B.R. 217 (Bankr.N.D.Ill. 1991).

The power of the bankruptcy courts to issue civil contempt sanctions has not been determined by the Fifth Circuit. In *In the*

*Matter of Hipp, Inc.*, 895 F.2d 1503 (5th Cir.1990), the Fifth Circuit held "that bankruptcy courts do not have inherent *criminal* contempt powers, at least with respect to the criminal contempts not committed in (or near) their presence". 895 F.2d at 1511. [Emphasis in original]. Although the holding in *Hipp* was limited to criminal contempt proceedings, the case discussed in *dicta*, the civil contempt powers of the bankruptcy courts. The Court stated:

Several lower courts have determined that civil contempt proceedings, though they do not fit within any of the explicit "core" proceedings listed, do fit within the section 157(b)(2)(O) catchall provision, which includes as being core "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims". [citations omitted]. In effect, these courts have reasoned that civil contempt is itself core because it is inseparable from the obviously core proceedings that the civil contempt power helps to facilitate.

If bankruptcy civil contempt orders may arguably be core because their compliance coercive, remedial nature makes them inseparable from the underlying core proceedings, *just as civil contempts generally have been viewed as part of the underlying case, then the same considerations may likewise arguably support an implicit section 157 grant to bankruptcy courts of civil contempt power.* However, these considerations do not support the inference that Congress empowered bankruptcy courts to criminally punish for willful disobedience of their orders, especially where the disobedience was not in (or near) the presence of the court.

895 F.2d at 1517. [Emphasis added]. This language supports a conclusion that the bankruptcy courts have civil contempt power.[3]

■ Following the vast weight of authority, the Court finds the bankruptcy

---

**3.** The Fifth Circuit has recently concluded that the bankruptcy courts have the inherent power to award sanctions for bad faith conduct in a bankruptcy court proceeding, but that the power does not reach conduct which does not occur in the bankruptcy court proceeding. *In re Case*, 937 F.2d 1014, 1023 (5th Cir.1991).

courts have the power to impose sanctions for civil contempt. The powers are arguably inherent in the bankruptcy courts, but are definitely provided for by Section 105 and Bankruptcy Rule 9020.

■ Mobil argues its actions were not contemptuous because the filing of the motion to reinstate was objectively reasonable in the light of the *First Wisconsin* and *Martin–Trigona* cases. This argument is unpersuasive. No justification is provided by the *First Wisconsin* and *Martin–Trigona* decisions permitting the filing by Mobil of the motion for summary judgment against the debtor in violation of the automatic stay, and this Court's Order of April 22, 1992. The Court concludes that Mobil's actions in filing the motion for summary judgment, encompassed within the motion for reinstatement, were in contempt of court in violation of Section 105(a) and Bankruptcy Rule 9020.

■ The factors to be considered in imposing civil contempt sanctions are: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order. *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir.1990). Fines may be imposed in civil contempt proceedings for either of two purposes: (1) to compensate the complainant, in which case the amount must be limited to actual damages shown, or (2) to compel the contemnor to comply with the court's order, in which case the amount must be reasonably designed to force compliance, without being punitive.[4] *United Mine Workers*, 330 U.S. at 303–304, 67 S.Ct. at 781; *In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir.1980).

■ Sanctions are not needed to compel Mobil to comply with the court's orders because the Court is persuaded that Mobil's actions since the filing of the motion for reinstatement have not been in violation of the stay order. However, it is appropriate to fine Mobil and its attorneys the actual amount of damages USA has suffered as the result of Mobil's violation of the stay orders.

Accordingly, the Court finds USA is entitled to the actual amount of damages it has suffered resulting from Mobil's violation of the stay orders. This amount includes attorneys' fees and costs incurred by USA in responding to the motion for reinstatement, and for filing the pending motion for sanctions. Sanctions in this amount are compatible with the purposes outlined in *United Mine Workers, supra* p. 388, for imposing civil contempt sanctions.

An order will be entered finding Mobil and its attorneys of record in civil contempt of court for willfully violating the provisions of Section 362 and this Court's order of April 22, 1992. USA shall file an itemization of the actual damages it has incurred as the result of Mobil's violation of the automatic stay on or before February 25, 1993. Mobil may file a response thereto by March 8, 1993. A hearing on the dollar amount of damages to be imposed will be held thereafter if requested by any of the parties.

---

4. The Court notes that the damages available for civil contempt are the same as the damages permitted by Section 362(h). However, Section 362(h) also provides for punitive damages.