OPINION *Page 2 
{¶ 1} Plaintiffs-appellants David Jones, et al.,[1] appeal the June 13, 2006 Judgment Entry of the Stark County Court of Common Pleas denying the Motion to Reactivate Case filed by the plaintiffs-appellants.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 9, 2001, Plaintiffs-Appellants ("appellants") filed a complaint for injuries and damages allegedly sustained due to the appellants' exposure to asbestos products manufactured and/or distributed by the Defendants-Appellees A-Best Products, Co., etal. ("appellees"). Appellants named eighty-one defendants in their complaint. Some appellees brought cross-claims against the other named defendants.
 {¶ 3} Throughout the pendency of this action, multiple defendants filed Notices of Bankruptcy and Suggestions of Stay. Defendant Kaiser Aluminum and Chemical Corp. filed a "Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings" on February 22, 2002. Defendant Bigelow-Liptak/A.P. Green Services, Inc. filed a "Notice of Bankruptcy Filing and Imposition of Automatic Stay" on April 8, 2002. Appellants dismissed Kaiser Aluminum and Chemical Corp. on July 5, 2002. On September 9, 2002, defendant Insul Co., Inc., filed a "Notice of Bankruptcy and Imposition of Automatic Stay." Defendants Worthington Pump, Inc. and Dresser Industries, Inc. filed a "Suggestion of Bankruptcy Stay" on February 5, 2004. Defendants Oglebay Norton Company and Oglebay Norton Engineered Materials, Inc. filed a "Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings" on March 5, 2004. On May 3, 2004, defendant Flintkote Co., filed a *Page 3 
"Notice of Bankruptcy and Suggestion of Stay." Defendant Quigley Co. filed a "Notice of Bankruptcy and Suggestion of Stay" on September 14, 2004.
 {¶ 4} On November 17, 2005, the Court issued a judgment entry stating that it had been advised that a number of defendants had filed bankruptcy in this action. The trial court stayed the matter pursuant to11 U.S.C. § 362(a) pending the resolution of the bankruptcy proceedings.
 {¶ 5} On May 26, 2006, appellants filed a Motion to Reactivate the Case. Appellees did not file a response. The trial court denied the Motion to Reactivate the Case on June 13, 2006.
 {¶ 6} Appellants now appeal the June 13, 2006 judgment entry, assigning as error:
 ASSIGNMENT OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF-APPELLANTS' MOTION TO REACTIVATE THE CASE."
 {¶ 8} Before addressing the merit of the appellants' sole assignment of error, we must first address whether the June 13, 2006 judgment entry of the trial court denying appellants' Motion to Reactivate the Case is a final appealable order. We find that it is not a final appealable order.
 {¶ 9} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. § 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 10} Revised Code § 2505.02(B) defines final orders as follows: *Page 4 
 {¶ 11} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 14} "(3) An order that vacates or sets aside a judgment or grants a new trial.
 {¶ 15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 18} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 19} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11,2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23,2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and2323.55 of the Revised Code or any changes made by Sub. S.B. *Page 5 
80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code."
 {¶ 20} In the present case, the relevant query is whether the decision to deny the appellants' motion to reactivate is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. § 2505.02(B)(1).
 {¶ 21} Analysis of the issue of whether a denial of a motion to reactivate is a final appealable order requires some discussion of the trial court's initial decision to stay the matter pursuant to11 U.S.C. § 362(a). 11 U.S.C. § 362(a), provides in pertinent part:
 {¶ 22} "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —
 {¶ 23} "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 {¶ 24} "* * *
 {¶ 25} "(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
 {¶ 26} "(4) any act to create, perfect, or enforce any lien against property of the estate; * * *".
 {¶ 27} In the trial court's November 17, 2005 judgment entry, the trial court states *Page 6 
that it stayed the matter pending the resolution of the bankruptcy proceedings. The judgment entry does not state that the matter had been dismissed. Therefore the trial court's approach is consistent with the automatic stay provisions of the Federal bankruptcy statute.
 {¶ 28} We find the decision of the trial court to deny the motion to reactivate the matter did not affect a substantive right that in effect determines the action and prevents a judgment for appellants pursuant to R.C. § 2505.02(B)(1). Appellants may proceed with their action once the bankruptcy stay has been lifted. We acknowledge this process may be lengthy due to the number of appellees declaring bankruptcy. As the Fifth Circuit has explained:
 {¶ 29} "Absent the bankruptcy court's lift of the stay or perhaps a stipulation of dismissal, a case * * *, as a general rule, must languish on the court's docket until final disposition of the bankruptcy proceeding." Pope v. Manville Forest Prods. Corp. (C.A. 5, 1985), 778 F.2d 238, 239.
 {¶ 30} Appellants can seek relief from the stay in the Federal bankruptcy court if certain conditions are met. See, 11 U.S.C. § 392(d), (e), (f).
 {¶ 31} We further find that we do not need to reach the issue of whether the denial of the motion to reactivate the case is a final appealable order pursuant to Civ.R. 54(B). We find that the denial of a motion to reactivate, without a lifting of the bankruptcy stay, is not a final order pursuant to R.C. § 2505.02(B) in the first instance. *Page 7 
 {¶ 32} Because there is no final appealable order, the appeal of the judgment of the Stark County Court of Common Pleas is hereby dismissed.
 Delaney, J., Wise, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellants.
[1] There are forty named Plaintiffs in this action. *Page 1